UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JO ANNE E. HASELTINE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

No. C 08-5782 BZ

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

    Before me is plaintiff's motion to compel the production "of the complete transcript" of the administrative record. While so styled, what plaintiff actually seeks is: (1) production of any analysis or report with respect to his claim of bias raised below and (2) discovery of voluminous extra-record documents such as the records of 200 of Administrative Law Judge ("ALJ") Lazuran's cases. Plaintiff claims to seek all of these documents to prove that ALJs below were biased.

    This case has been through numerous proceedings since the first disability determination hearing in 2002. After several appeals and remands, plaintiff filed a civil action in this court, and subsequently, moved for summary judgment. On December 10, 2007, I granted summary judgment in part, finding

1

that there was substantial evidence to support a finding that plaintiff was disabled. I remanded the matter for defendant to fully develop the record and determine the onset date of plaintiff's disability. (Administrative Transcript "AT" 926.)

On February 8, 2008, plaintiff sent a letter to the Appeals Council alleging bias on the part of ALJs Lazuran and Reite and requested an "analyst's analysis."[1] (AT 932.) The Appeals Council vacated ALJ Lazuran's decision on the onset date pursuant to the court order. (AT 972.) The Appeals Council found the allegations of bias to be unsupported by the record, but nevertheless granted plaintiff a new hearing in front of a different ALJ. (AT 972.)

Plaintiff filed the present action on December 30, 2008. Plaintiff asserts that the administrative record is missing the "analyst's analysis" of the allegations of bias on the part of ALJs Lazuran and Reite. The Social Security Administration's Hearings, Appeals and Litigation Law Manual ("HALLEX") section I-3-1-25 requires that "an agency shall make its determination on the allegation [of bias] a part of the administrative record and decision in the case."

In Administrative Appeals Judge ("AAJ") Goldberg's order dated March 28, 2008, AAJ Goldberg stated that plaintiff's *request* for the analyst's report has been forwarded to the Freedom of Information Act ("FOIA") staff for consideration. (AT 973.) Plaintiff incorrectly interprets this statement as

---

[1] The "analyst's analysis" that plaintiff refers to is a statement issued by a Social Security Administration analyst determining the validity of any allegations of bias after examining the record and auditing the hearing recording.

2

the Appeals Council's admission that an "analyst's analysis" exists. Whether an analyst's report was ever created is unclear although there is not one in the record. I have the duty to review the administrative record and ensure that plaintiff has had a fair hearing. Any notes or reports made by the analyst should have been included in the administrative record.

On the other hand, extra-record discovery is not appropriate when the court's jurisdiction is to review the administrative record only. McCarty v. Barnhart, No. C04-5060 MHP (N.D. Cal. May 5, 2005) (order striking discovery). While there is no authority in this Circuit for allowing discovery in a civil action under § 405(g), the Third Circuit has allowed discovery in very limited circumstances when there are allegations of bias. In the Third Circuit, discovery may occur in the district court when: (1) the alleged bias of the ALJ was discovered post-decision and (2) arose from an extrajudicial source which required further investigation.[2] Hummel v. Heckler, 736 F.2d 91 (3d Cir. 1984); See also Ventura v. Shalala, 55 F.3d 900, 904 (3d Cir. 1995). In such a case, discovery in the district court would be proper to allow the plaintiff an opportunity to convince the district court that a remand for the taking of new evidence on bias would be appropriate. Grant v. Shalala, 989 F.2d 1332, 1338

---

[2] Extrajudicial bias refers to a bias that is not derived from the evidence or conduct of the parties during the proceedings. Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980). In Hummel, the allegations of bias were based on an extrajudicial source, namely the "Bellmon Reviews."

3

(3d Cir. 1993) (citing <u>Hummel</u>, 736 F.2d at 95). Discovery, however, is not necessary when the ALJ's conduct can be evaluated from the hearing transcript or the record. <u>Ventura</u>, 55 F.3d at 904.

Plaintiff has not established she is entitled to the discovery she seeks. Assuming arguendo that Third Circuit law controls, plaintiff has not shown that (1) the basis of her claims of bias against ALJs Lazuran, Reite, and Teilens was discovered after defendant's decision was made and (2) that the basis stems from an extrajudicial source as in <u>Hummel</u>. To the contrary, plaintiff knew the basis for her claims of alleged bias at the agency level, and asserted them to the Appeals Council, which ultimately found the claims unsupported. (AT 591, 972.) Further, the basis for plaintiff's claims appear to be all interjudicial in nature. Accordingly, plaintiff has not satisfied the requirements of <u>Hummel</u>.

ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased. <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999). Plaintiff must rebut this presumption by showing a conflict of interest or some other specific reason for disqualification. <u>Id.</u> Judicial rulings alone almost never constitute evidence of bias. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). Almost invariably, unfavorable rulings are proper grounds for appeal, not allegations of bias. <u>Id.</u> Judicial remarks, even those that express "impatience, dissatisfaction, annoyance and even anger," do not amount to a finding of bias. <u>Id.</u> Plaintiff

must show that the ALJ's actions were "so extreme as to display clear inability to render fair judgment." Rollins v. Massanari, 261 F.3d 853, 858 (9th Cir. 2001).

Even if discovery was available in an administrative appeal in this Circuit, plaintiff has not made an adequate showing of bias.[3] Instead, plaintiff merely disagrees with decisions of the ALJs below. In plaintiff's reply brief, she makes several allegations of bias against ALJs Lazuran, Reite, and Tielens.[4] Plaintiff claims that ALJ Lazuran is biased because she proffered a stipulation to a later disability onset date and later refused to hold another hearing on the issue. On remand the onset date was found to be valid. Any error ALJ Lazuran may have committed in failing fully to develop the record or in refusing to hold a hearing does not by itself constitute bias in and of itself. Plaintiff also alleges bias on the grounds that ALJ Lazuran failed to provide a speedy decision in two other cases. See Haseltine v. Lazuran, C02-2139 WHA (Doc. No. 1); Pierce v. Barnhardt, C00-0742 BZ. Plaintiff, however, has not made any allegations of an untimely hearing in this case or cited any regulations requiring an ALJ to issue a decision within a certain amount

---

[3] In Coleman v. Barnhart, C06-1912 SI (Doc. No. 28), plaintiff's counsel made a similar request for extra-record discovery that was denied.

[4] Nowhere is there any explanation as to why this information was not filed in support of plaintiff's motion so that defendant would have had an opportunity to respond. Raising new factual material in the reply is disfavored and I have attached less weight to it. See Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990); Judge William W. Schwarzer, et al., Federal Civil Procedure Before Trial, § 12:107 (Rutter Group 2004).

5

of time.  See Coleman v. Barnhart, C06-1912 SI (Doc. No. 28).

Plaintiff also claims that ALJs Reite and Tielens are biased because they denied plaintiff's request for testimony from Malcolm Brodzinzky.  As already addressed by the Appeals Council, Brodzinsky's testimony was off point and irrelevant. Plaintiff claims that ALJ Reite is biased because he did not respond to plaintiff's letters and referred to plaintiff's representative as incompetent.  Failure to respond to a letter is not evidence of bias.  The reference to plaintiff's representative as inexperienced was in response to the representative's own assertion that his acceptance of the stipulated onset date was a mistake because he was incompetent and lacked experience at the time the stipulation was entered.

Finally, plaintiff claims that ALJ Tielens is biased because he placed plaintiff's representative under oath and thus, deprived plaintiff of adequate representation. Plaintiff's representative was placed under oath because he was testifying about material facts at a prior hearing. Plaintiff also had her attorney present.

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff's motion to compel extra-record discovery is **DENIED**. **IT IS FURTHER ORDERED** that by **November 20, 2009** defendant shall file a certification stating whether any analyst's report was ever created.  If one does exist, defendant shall produce it by **December 1, 2009**.

Dated:  October 29, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HASELTINE v. ASTRUE\ORDER DENYING P'S MOTION TO COMPEL.wpd

6