UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANNE E. HASELTINE,<br><br>           Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br><br>           Defendant. | No. C 08-5782 BZ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are plaintiff Jo Ann Haseltine's and defendant Michael Astrue's cross-motions for summary judgment. Plaintiff argues that she should have been granted disability benefits as of December 10, 1999 instead of September 1, 2001.[1] Defendant moves for summary judgment that the onset date decision is supported by substantial evidence and free of legal error.

Plaintiff applied for disability insurance benefits in March 2001 and was granted benefits as of September 1, 2001 by

---

[1] All parties have consented to my jurisdiction for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

Administrative Law Judge (ALJ) Thomas P. Tielens on September 4, 2008.[2] That decision became final when the Appeals Council declined review. Plaintiff contends that the scope of this review is substantially larger than ALJ Tielens's September 2008 decision. First, plaintiff contends that the Appeals Council's decision not to review ALJ Tielens's September 2008 ruling is subject to judicial review. This is contrary to well established law however. "The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised." 20 C.F.R. § 404.981. "The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of review." Doyal v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003). Under 42 U.S.C. 405(g), a claimant may only seek review of a "final decision of the Commissioner of Social Security." One exception arises when the Appeals Council considers new evidence in its denial of review, which the Council did not do in this case. Therefore, the decision of the ALJ is the operative, reviewable decision. Second, Plaintiff asserts that ALJ Tielens was biased against her, but this claim has been addressed in a prior ruling. See Doc. No. 42.

　　The sole issue before the Court is whether ALJ Tielens's decision to award Plaintiff an onset date of September 1, 2001

---

[2] In a prior decision, I remanded this case after finding that ALJ Lazuran had improperly offered a compromise date of disability onset. See Haseltine v. Astrue, C07-1605 BZ, Doc. No. 17, (N.D.Cal. Dec. 10, 2007).

1   is supported by substantial evidence.[3]

> 'Substantial evidence means more than a scintilla but less than a preponderance.' (citation and internal quotation marks omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." <u>Flaten v. Sec'y of Health & Human Servs.</u>, 44 F.3d 1453, 1457 (9th Cir.1995). Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.

<u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). Further, "at all times, the burden is on the claimant to establish her entitlement to disability insurance benefits." <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1998).

   Turning to the administrative record, I find ALJ Tielens's September 2008 decision was supported by substantial evidence.  The following evidence supports the decision to grant plaintiff a disability onset date of September 1, 2001.

   Malcolm Brodzinksi, plaintiff's vocational rehabilitation counselor, found that there were "no medical contraindications" to plaintiff returning to full time employment in July of 2001.  (AR 283).

   Dr. Tracy Newkirk, who treated Plaintiff from June 2000 onwards stated on June 4, 2001 that the physical job demands of "activities coordinator," provided by Malcolm Brodzinski were "well within her capacity."  (AR 424).  On August 3, 2001 Dr. Newkirk stated that "it remains my medical opinion based on the evidence we have, therefore, that the patient is a candidate for Social Security Disability benefits, based on

---

[3]   Plaintiff's assertion that the standard of review is de novo is incorrect.

her injury and underlying physical condition, which cannot be changed in any reasonable way any time in the near future." (AR 423).  Dr. Newkirk stated on September 28, 2001 that plaintiff "should be considered permanently, totally disabled as there appear to be no employment options for her particularly in view of her learning disability."  (AR 445). It is unclear what prompted Dr. Newkirk to change his medical opinion of plaintiff's disability between June and September of 2001.  However, it is undisputed that just three months prior to September 1, 2001, Dr. Newkirk opined that plaintiff was capable of working.

In May 2001, psychiatrist Robert Lee, M.D. examined plaintiff and found her capable "of sustained simple work with limited public interactions."  (AR 409).

In June of 2001 Dr. Eugene McMillan, M.D. observed that other than some hand pain, there were very few other objective physical findings.  (AR 412).

At least one doctor opined that plaintiff was disabled prior to September 1, 2001.  On July 27, 2001 Dr. Richard Lee Schoenbrun, M.D., Ph.D. stated that plaintiff was "severely disabled and continuing to deteriorate."  (AR 423).

In sum, there is substantial evidence, certainly more than a scintilla, that plaintiff was not disabled in the months leading up to September 1, 2001.  In fact, the majority of the opinions rendered by medical and other professionals indicate that plaintiff was capable of working.  There is simply no evidence in the record that plaintiff was disabled as of December 10, 1999 as she argues in her moving papers.

1         Plaintiff's argument appears to be as follows.  On
2    December 10, 1999 plaintiff was injured and subsequently
3    underwent vocational rehabilitation with Malcolm J.
4    Brodzinski.  That injury was covered by worker's compensation
5    insurance.  After that injury, plaintiff never returned to
6    full time substantive employment.  Therefore, plaintiff
7    argues, defendant should have determined that the date of
8    onset of disability is December 10, 1999.
9         However, this argument is contradicted by all medical and
10   professional opinions rendered by those that worked with and
11   treated plaintiff during the relevant time period.  No doctor
12   or professional at any point stated that plaintiff was unable
13   to return to work due to disability as of December 10, 1999.
14        Turning to plaintiff's assertions of legal error,
15   plaintiff first argues that ALJ Tielens did not properly apply
16   20 C.F.R. § 404.1520a, which outlines the method of evaluating
17   mental impairments.  Doc. No. 64, p. 18.  The first step is to
18   evaluate "pertinent symptoms, signs, and laboratory findings
19   to determine" whether a plaintiff has "a medically
20   determinable mental impairment." § 404.1520a(b).  This is
21   done by rating the degree of functional limitation in
22   "activities of daily living; social functioning;
23   concentration, persistence, or pace; and episodes of
24   decompensation." § 404.1520a(c)(3).  Here, ALJ Tielens
25   included a specific finding on each of those functional areas.
26   (AR 603).  He found moderate difficulties in activities of
27   daily living; social functioning; and concentration,
28   persistence, and pace.  Id.  ALJ Tielens found that the

1   plaintiff experienced one or two episodes of decompensation.
2   Id.  All of these findings were made in accordance with §
3   404.1520a.  Plaintiff did not explicitly state what was
4   lacking in the ALJ's application and the Court can find no
5   significant departures from § 404.1520a.
6        Second, plaintiff's argument that ALJ Tielens failed to
7   properly weigh the treating physicians' opinions fails for two
8   reasons.  Plaintiff's assertion that a treating physician's
9   opinion is generally entitled to greater weight than a non-
10  treating physician's opinion is correct.  See Andrews v.
11  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, the
12  "opinion" to which plaintiff refers is not a medical opinion,
13  but instead is a letter drafted by Mr. Ragnes, a
14  representative for the plaintiff. (AR 442-43).  Moreover, ALJ
15  Tielens credited Dr. Newkirk's various opinions regarding
16  plaintiff's disability onset date.  The Ragnes letter
17  postdates the onset date of September 1, 2001 by more than
18  four months.  It is unclear what weight plaintiff would have
19  the ALJ attach to the letter.  Even assuming that the January
20  2002 letter conclusively established that plaintiff was
21  disabled as of January 2002, plaintiff has already received
22  benefits for that time period.
23       To the extent that plaintiff believes that this letter
24  would trigger a duty to re-contact Dr. Newkirk, plaintiff has
25  not persuaded me that any such duty was triggered.  The duty
26  to further develop the record only arises when "there is
27  ambiguous evidence or when the record is inadequate to allow
28  for proper evaluation of the evidence."  Mayes v. Massanari,

6

276 F.3d 453, 460-61 (9th Cir. 2001). In a prior opinion, I remanded the case because the ALJ committed legal error when she offered a compromise date of disability onset in lieu of properly evaluating the evidence. Haseltine v. Astrue, C07-1605 BZ, Doc. No. 17, (N.D.Cal. Dec. 10, 2007). Here however, ALJ Tielens carefully parsed through and weighed all of the relevant medical opinions in rendering his decision. No duty to supplement the record was triggered as ALJ Tielens found the evidence neither ambiguous nor inadequate. Instead, he found that Dr. Newkirk had opined in the months leading up to September 1, 2001, that plaintiff was able to work, and subsequently changed his mind.

Third, plaintiff argues that ALJ Tielens improperly determined her credibility. Plaintiff's argument is somewhat difficult to follow and therefore address. It appears that plaintiff takes issue with the manner in which ALJ Tielens documented his credibility findings regarding plaintiff's testimony of intensity, persistence, and limiting effect of her impairment.

For the ALJ to reject the claimant's subjective complaints, he must provide specific, cogent reasons for the disbelief. See Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999)(citing Lester v. Chater, 81 F.3d 821, 824 (9th Cir. 1995)). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Credibility determinations are the province of the ALJ. See Fair v. Bowen, 885 F.2d 597,

604 (9th Cir. 1989).

ALJ Tielens explained that he found plaintiff's testimony not credible because her symptoms were undocumented, or unsupported and contradicted by the medical and documentary evidence before him.  In his ruling, ALJ Tielens specified the evidence which undercut plaintiff's testimony and therefore properly determined plaintiff's credibility.  Plaintiff further claims that ALJ Tielens made a credibility determination that is at odds with the prior, vacated determination of ALJ Lazuran and that ALJ Tielens was bound by res judicata to accept the earlier credibility determination. Yet, plaintiff cites no authority for such an argument. Further, plaintiff would have this Court cherry-pick the parts of ALJ Lazuran's vacated ruling which are favorable to her and disregard the parts that are not.  The Court declines to do so.

Defendant's motion for summary judgment is **GRANTED**.  ALJ Tielens's decision to grant an onset date of **SEPTEMBER 1, 2001** is supported by substantial evidence.  Plaintiff's motion for summary judgment is **DENIED**.  Defendant's motion to strike plaintiff's proposed order (Doc. No. 66) is **DENIED AS MOOT.**

Dated: June 24, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HASELTINE v. ASTRUE\MSJ ORD.wpd